HANEY, RESPONDENT, *v.* MUTUAL CREAMERY CO., APPELLANT.

(No. 5,160.)

(Submitted April 27, 1923. Decided May 14, 1923.)

[215 Pac. 656.]

*Personal Injuries—Automobiles—Violation of Road Law— Contributory Negligence—Jury Question—Pleading and Proof—Variance.*

Personal Injuries—Contributory Negligence—Question for Jury.
  1.  While in a personal injury action in which defendant does not plead or offer evidence to prove that the plaintiff was guilty of contributory negligence, the court may as a matter of law hold that plaintiff's own case presents evidence which makes out *prima facie* contributory negligence to such an extent that, in the absence of exculpating evidence, he cannot recover, the facts in such a case must be such that reasonable men can reach no other conclusion than that such negligence was the proximate cause of plaintiff's injury, otherwise the question of negligence must be submitted to the jury for its decision.

Same—Automobiles—Violation of Road Law—Contributory Negligence— Jury Question.
  2.  Plaintiff riding a motorcycle in a city street was endeavoring to

---

2.  Reciprocal duties of drivers of automobiles or other vehicles proceeding in the same direction, see note in 24 A. L. R. 507.

[67 Mont. 278.]

pass a truck going in the same direction to the left and sounded the horn; the driver of the truck suddenly turned to the left without giving the warning required by section 1743, Revised Codes of 1921, causing a collision. There was no evidence that plaintiff had time to stop or change his course. *Held,* that plaintiff was not guilty of contributory negligence as a matter of law.

Same—Variance—What Does not Constitute.

3. The complaint alleged that defendant's truck ran into plaintiff's motorcycle while the latter was trying to pass the former, and plaintiff's witnesses so testified. *Held,* that the contention of defendant that the physical facts showed that the motorcycle ran into the truck and that therefore there was a fatal variance was without merit and that the evidence was sufficient to sustain the allegations of the complaint.

*Appeal from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Thomas Haney, by his guardian *ad litem,* Margaret Buckley, against the Mutual Creamery Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*Messrs. Walker & Walker* and *Mr. C. S. Wagner,* for Appellant, submitted a brief; *Mr. T. J. Walker* argued the cause orally.

There is no evidence that the driver of defendant's truck was aware of the existence or presence of plaintiff's motor vehicle in the rear; no evidence that the truck driver heard the signals which plaintiff claims he sounded upon approaching the truck, but only the inference, if such it may be called, that when plaintiff gave the signal the truck driver must of necessity have heard it, and the negative assertion of plaintiff that he thought the truck driver heard him. It is axiomatic that law does not require the doing of absurd or useless things. With the street entirely clear from traffic, save for the motorcycle and the truck, we think it absurd to hold the truck driver guilty of negligence for failure to extend his arm according to the strict mandate of the law, because it is obvious the law was and is intended for the convenience and protection of travelers where traffic is constant or heavy, or where the driver of the vehicle in front has or should have

reasonable grounds for knowing or apprehending another vehicle in the rear was approaching, with the purpose in view of passing. (41 L. R. A. (n. s.) 342, notes 7, 8; Ann. Cas. 1913A, 835.) The driver of the rear vehicle should have it under such usual, ordinary and reasonable control as to be able to stop in time to prevent a collision. (*Lorenz* v. *Tisdale,* 127 App. Div. 433, 11 N. Y. Supp. 173; *Young* v. *Cowden,* 98 Tenn. 577, 40 S. W. 1088.)

It is the rule in this jurisdiction, and has been so held without interruption, that when the circumstances attending the injury, as detailed by the plaintiff's evidence, raise a presumption that he was not, at the time, in the exercise of due care, he has failed to make out a case for the jury. The burden is then upon him, and if he fails to introduce other evidence to remove the presumption, he is properly nonsuited. (*Harrington* v. *Butte, A. & P. Ry. Co.,* 37 Mont. 169, 16 L. R. A. (n. s.) 395, 95 Pac. 8; *Longpre* v. *Big Blackfoot Milling Co.,* 38 Mont. 99, 99 Pac. 131; *Zvanovich* v. *Gagnon & Co.,* 45 Mont. 180, 122 Pac. 272; *Sherris* v. *Northern Pac. Ry. Co.,* 55 Mont. 189, 175 Pac. 269; *Howard* v. *Flathead Tel. Co.,* 49 Mont. 197, 141 Pac. 153.)

In view of these authorities, offering no shadow of excuse for his conduct at the time of the accident, plaintiff surely has placed himself within the pale of the law and under the decisions he cannot recover, his own act contributing to the injury and being the proximate cause of the same.

*Mr. William Meyer,* for Respondent, submitted a brief and argued the cause orally.

The following cases are directly in point and should be controlling:

*Jensen* v. *Fish,* 54 Cal. App. 304, 201 Pac. 954, which case was decided September 23, 1921, and where every contention raised by appellant in this case was also raised by the appellant there and after due consideration thereof the court af-

firmed a judgment for the plaintiff. This case is almost on all-fours with the case at bar.

*Maddock* v. *John Mulstein Co.,* 174 App. Div. 876, 159 N. Y. Supp. 675. In this case the plaintiff was the driver of the front automobile; he recovered judgment, which was reversed because he did not look back or give warning before he made the turn which resulted in his injuries.

*Reems* v. *Chavigny,* 139 La. 539, 71 South. 798, in which case a judgment for defendant was affirmed because the plaintiff turned without first warning the defendant. (*Zageir* v. *Southern Express Co.,* 171 N. C. 692, 89 S. E. 43; *Meyer* v. *Creighton,* 83 N. J. L. 749, 85 Atl. 344.)

*Berckheimer* v. *Empire C. C. Co.,* 172 App. Div. 866, 158 N. Y. Supp. 856. In this case both by statute and ordinance it was provided that the driver in making a turn should make a wide turn, pass to the right of the center of the street intersection and reduce his speed to not more than four miles an hour. Defendant violated this statute and ordinance and plaintiff, driving a motorcycle, collided with defendant's truck and was injured. Plaintiff recovered judgment, which was affirmed, the court holding the violation of the statute and ordinance by defendant's driver constituted negligence. This court has held to the same effect. (See *Mize* v. *Rocky Mountain Bell Tel. Co.,* 38 Mont. 521, 129 Am. St. Rep. 659, 16 Ann. Cas. 1189, 100 Pac. 971; *Westlake* v. *Keating Co.,* 48 Mont. 120, 136 Pac. 38.)

*Radwick* v. *Goldstein,* 90 Conn. 701, 98 Atl. 583, where plaintiff's intestate was riding a bicycle and defendant was driving an automobile in the rear thereof, without warning. Plaintiff's intestate turned in the path of the auto and was killed and it was held that there was no liability on the part of the defendant.

In *Cameron* v. *Miller,* 43 S. D. 429, 180 N. W. 71, the question of plaintiff's contributory negligence was held for the jury. (*Malis* v. *Lewis,* 158 N. Y. Supp. 873; *Casey* v. *Boyer,* 270 Pa. St. 492, 113 Atl. 364; *Baillargeon* v. *Myers,* 180 Cal.

504, 182 Pac. 37; *Rule* v. *Claar T. & S. Co.,* 102 Neb. 4, 165 N. W. 883; *Walterick* v. *Hamilton,* 179 Iowa, 607, 161 N. W. 684.)

The case of *McGinnis* v. *Phillips,* 62 Mont. 223, 205 Pac. 215, is conclusive upon all the questions here involved. See, also, *Freedman* v. *Denhalter Bottling Co.,* 54 Utah, 513, 182 Pac. 843, a case which is on all-fours with the one at bar and in which every contention here raised by appellant was considered and decided adversely to it.

MR. CHIEF COMMISSIONER FELT prepared the opinion for the court.

The plaintiff in this action, brought by Mrs. Margaret Buckley, his guardian *ad litem,* recovered judgment in the court below against the defendant for personal injuries sustained in a collision between the plaintiff's motorcycle and the defendant's autotruck, driven by an employee. The plaintiff offered evidence in support of the allegations of the complaint. Both parties then rested. The defendant then moved the court to instruct the jury to return a verdict in favor of the defendant and against the plaintiff. This motion was denied. The cause was thereafter submitted to the jury and verdict rendered against the defendant in the sum of $750. Upon this verdict, judgment was duly entered. The defendant then moved for a new trial, which motion was overruled. The appeal is from the judgment.

The defendant seeks to obtain a reversal of the judgment upon two grounds: First, that the testimony offered by the plaintiff shows that the injury and damage sustained by him were due to his own contributing fault and negligence; second, that there is a fatal variance between the complaint and proof. We will consider these in order.

The injury complained of occurred on Montana Street in the city of Butte on September 19, 1920. This street runs north and south. At the point in question it is about seventy-two feet in width and has a street-car track running in the

same direction along its center. Immediately prior to his injury the plaintiff, being then a little past sixteen years of age, was riding a motorcycle, proceeding north, on the right-hand side of the street named. His motorcycle was equipped with a tandem seat, which was occupied at the time by two companions. As they were about a half block south of the Mutual Creamery Company's plant they observed the truck coming out on to Montana Street from the south side of the creamery. It crossed over to the right-hand side of the street and turned north ahead of the motorcycle, being then about thirty feet in advance. The truck was then traveling about eight miles an hour and the motorcycle about twelve or fourteen. The former proceeded parallel to and about five or six feet to the right of the street-car track. The plaintiff directed the course of his motorcycle in such a manner that he would pass to the left of the truck, between it and the street-car track. When about eighteen feet in rear of the truck he sounded three blasts on the Klaxon push-down horn, with which his motorcycle was equipped. The third blast was sounded as the front of the motorcycle was about even with the rear of the truck, which just at that instant, without any warning by extending the arm or otherwise, suddenly turned to the left directly in the path of the plaintiff. The latter applied his brake, but was unable to avoid a collision. The handle-bars of the motorcycle came in contact with the left rear fender of the truck. The plaintiff was thereby thrown across the street-car track and received the injuries forming the basis of his action.

The plaintiff seeks to establish liability by showing compliance with the statutory traffic regulations on his own part and a failure to observe the same on the part of the defendant. These are contained in subdivisions 1 and 2 of section 1743 of the Revised Codes of 1921. We will quote only the portions of each that apply to this case. The first prescribes the duty which was on the plaintiff at the time, and is as follows: "Traffic must everywhere and at all times keep to the

right. Vehicles moving in opposite directions must pass each other by turning to the right. Vehicles moving in the same direction must pass by turning to the left on the part of the one passing, and turning to the right on the part of the one being passed." The second prescribes the duty of defendant before turning to the left: "The operator or driver of any vehicle desiring for any reason, either at or between street crossings, to turn to the left, must warn all following by extending his arm full from the shoulder for a period of not less than two seconds, and sufficiently in advance of turning to enable anyone following to stop or make the necessary change in course."

The defendant did not plead contributory negligence, and [1] offered no evidence to prove that or any other fact in the case. However, it is contended that the plaintiff's own case presents evidence which makes out *prima facie* contributory negligence to such an extent that, in the absence of further evidence exculpating him, he cannot recover. That such may be the law in a proper case has been held by this court in *Harrington* v. *Butte A. & P. Ry. Co.*, 37 Mont. 169, 16 L. R. A. (n. s.) 395, 95 Pac. 8, and in numerous other cases. It is conceded that plaintiff was *sui juris* and capable of contributory negligence. However, it is a rare case that the acts of the plaintiff may be held by the court to constitute contributory negligence as a matter of law. The facts must be such that reasonable men can reach no other conclusion than that the plaintiff's negligence was the proximate cause of the injury. "As a general rule, the issue of negligence and contributory negligence must be decided by the jury under appropriate instructions." (*Puckett* v. *Sherman & Reed*, 62 Mont. 395, 205 Pac. 250.)

In this case the plaintiff was where he had a right to be [2] at the time of the injury. He had a right to assume that the defendant would not turn to the left without giving the warning that the statute requires. He allowed sufficient room to pass to the left of the truck. He could have allowed

more room. But it was not negligence for him to expect the defendant to observe the law and allow only sufficient room to pass. The evidence did not show that the plaintiff had time to have stopped or changed his course so as to avoid the injury after the defendant began to make the turn. Hence the case is not controlled by the rule announced in *Casey* v. *Northern Pac. Ry. Co.*, 60 Mont. 56, 198 Pac. 141, or *Keith* v. *Great Northern Ry. Co.*, 60 Mont. 505, 199 Pac. 718. The case was properly submitted to the jury, and their verdict is conclusive.

The appellant contends that there was a fatal variance [3] between the proof and the following allegations of the complaint: "The said defendant, through its agent and servant aforesaid, negligently and carelessly turned the said truck of defendant in a northwesterly direction without warning plaintiff of his intention so to do and did thereby carelessly and negligently and violently run said truck into and against the motorcycle then being operated by plaintiff, with the result that plaintiff and said motorcycle were hurled to the ground, receiving injuries hereinafter complained of."

The contention is made that the proof showed that the motorcycle ran into the truck, and not the truck into the motorcycle, as alleged. We doubt whether anyone could have told exactly how the contact was made. The plaintiff and his companions testified that the truck ran into the motorcycle. We cannot say that, as a matter of law, the testimony of these witnesses was contradicted by the physical facts proved. The evidence was sufficient to sustain the allegations of the complaint.

We recommend that the judgment be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*