## No. 14,028.

### MARRON *v.* HELMECKE.
(67 P. [2d] 1034)

Decided April 26, 1937.

Messrs. MOYNIHAN, HUGHES & KNOUS, for plaintiff in error.

Mr. HERBERT L. STRANG, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is an action by George E. Marron, plaintiff in error (plaintiff below), to recover damages for injuries to person and property against C. A. Helmecke, defendant in error (defendant below), caused by the alleged unlawful and negligent operation of an automobile owned by the defendant in error.

The court below sustained a general demurrer to plaintiff's second amended complaint and we are asked under the assignments of error to pass upon the sufficiency of that complaint. The parties will be referred to as plaintiff and defendant, respectively, as they appeared in the court below.

The charging part of said complaint was as follows:

"*Second:* That on or about the 2nd day of October, A. D. 1934, the defendant Helmecke did direct, allow and permit Stanley Moore, an employee of the said Helmecke, to take said Dodge Automobile and drive the same to the Uncompahgre Valley. That the said Moore did drive said automobile on said date to Montrose, Colorado. That the said Moore did take with him from Gunnison, Colorado, one Jeanne Hauser, and did at Montrose, on said date, permit and allow and agree that the said Jeanne Hauser should have the exclusive possession of said automobile with the knowledge that the said Hauser intended to and would drive said automobile to Delta, Colorado.

"*Third:* That the said Hauser was then and there a girl of the age of seventeen (17) years, and did not have a permit or license to drive a motor vehicle, and no such permit or license was at any time issued to the said Jeanne Hauser within the State of Colorado, or otherwise.

"*Fourth:* That the said Hauser, with the permission and authority of the said Moore did take said automobile at Montrose, Colorado, into her exclusive possession and

did proceed to drive the same north from the City of Montrose and towards the City of Delta, Colorado.

"That while driving said car on the main public highway between the Cities of Montrose and Delta, and in a northerly direction, the said Hauser did negligently lose control of said car and did drive the same and cause the same to come in contact with a Buick car which then belonged to the plaintiff herein; and that said Buick car was at said time being driven by the plaintiff in a southerly direction and on the westerly side of said highway, being the right hand side of the plaintiff.

"That the said Dodge car at said place and time so being driven by the said Hauser started from the easterly side of said road and swerved across said road to the westerly side thereof, striking the said Buick car while in motion; that each of said cars at the time of said collision were being driven at a speed of approximately twenty-five (25) miles per hour.

"*Fifth:* That as a result of said collision, said Buick car was completely demolished; * * *."

Plaintiff relies upon sections 43, 66 and 68 of Part III, c. 122, S. L. 1931, pp. 517 and 531, respectively, which read as follows:

"Section 43. No person except those expressly exempted under this Act shall drive any motor vehicle upon a highway in this state unless such person upon application has been licensed as an operator or chauffeur by the department under the provisions of this Act.

"Section 66. It shall be unlawful for any person to cause or knowingly permit any minor under the age of eighteen years to drive a motor vehicle upon a highway as an operator, unless such minor shall have first obtained a license to so drive a motor vehicle under the provisions of this Act.

"Section 68. No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person who has no legal right to do so or in violation of any of the provisions of this Act."

It is true that "a principal is liable to third persons for torts committed by his agent in pursuance of, or as a natural result of, express orders given by the principal, or which he has expressly authorized or specially directed his agent to commit." 3 C. J. S., p. 186. *Crosswaith v. Thomason,* 95 Colo. 240, 35 P. (2d) 849. It is also true that the burden is on the principal to show facts which take him out of the rule. *Crosswaith v. Thomason, supra.*

It is also true that the statutory provisions above quoted bring this case within one of the exceptions to the general rule as outlined in the case of *Otoupalik v. Phelps,* 73 Colo. 433, 437, 216 Pac. 541, where Mr. Justice Campbell uses the following language: "Such being the state of the law in this country, this court, *without legislative authority,* should not depart from the general rule of the common law that the lender of a machine, not inherently dangerous in itself, should not be held liable to third persons for the negligent acts of the borrower who is using it at the time in his own business or for his own pleasure." (Italics are ours.)

The general agency given to Moore was "to take said Dodge automobile and drive the same to the Uncompahgre Valley." We will take judicial knowledge of the well-known geographical fact that the cities of Montrose and Delta are in the Uncompahgre Valley, and, that the authorization by Helmecke to Moore to take the car and drive the same to the Uncompahgre Valley, might well include both cities. *Stanley v. Kaufman,* 170 S. C. 521, 171 S. E. 32. So far, and on his theory, the plaintiff's second amended complaint states a good cause of action under the doctrine of agency as announced in the Crosswaith case, supra.

However, it appears from the order sustaining the demurrer on the sufficiency of the amended complaint, that the plaintiff made a fatal admission to the effect "that the contemplated trip from Montrose to Delta, Colorado, was not upon any business of the defendant Helmecke."

368

An admission is a recognition as fact or truth. 2 C. J. S. 359.

■ A judicial admission is a voluntary acknowledgment made by a party of a material fact appearing of record in the proceedings of a court. 22 C. J. 296; *Lord v. Pueblo Smelting etc. Co.*, 12 Colo. 390, 21 Pac. 148; *Geraghty v. Randall*, 18 Colo. App. 194, 70 Pac. 767.

■ And as plaintiff's admission here would have been as available to the defendant against the second amended complaint as it was against the original or first amended complaint it is just as fatal. 22 C. J. 329.

■ It could well have been urged under the present complaint that the agency between Helmecke and Moore was general, and Helmecke would have been bound, but, when the plaintiff himself severed the trip from Montrose to Delta during which the injury here complained of took place, he thereby removed himself from the operation of the statutory provisions above quoted and subjected himself to the following rule: "If the agent steps aside from the principal's business, for however short a time, to do acts not connected with such business, the relation of agency and the agent is for that time suspended, and the agent is not acting within the scope of his employment." 3 C. J. S. 187. *Hardeman v. Williams*, 150 Ala. 415, 43 So. 726, 10 L. R. A. (N. S.) 653; 2 C. J. 853 (Note 45).

■ Ordinarily the question of agency and the extent of the agent's authority is one for the jury, but the plaintiff's admission here made it proper for determination by the court. *Henderson v. Coleman*, 19 Wyo. 183, 115 Pac. 439.

For the reasons above set forth the judgment of the lower court must be affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HOLLAND concur.