No. 34,009

J. J. Shrout, *Appellee*, v. Dorothy Rinker and Essie Dean Rinker, *Appellants*.

(84 P. 2d 974)

Opinion filed December 10, 1938.

*Clyde Allphin,* of Great Bend, guardian *ad litem* for Dorothy Rinker, *Robert Garvin, Evart Garvin* and *Morris Garvin,* all of St. John, for the appellants.

*Clarence R. Sowers,* of Wichita, and *Roy J. McMullen,* of Great Bend, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for damages for injuries sustained when plaintiff was struck by an automobile. Judgment was for plaintiff. Defendants appeal.

The action is against Dorothy Rinker and Essie Dean Rinker, her mother. At the time of the injuries of which complaint is made Dorothy was fifteen years old. Her father owned an automobile. On the evening in question Dorothy asked her mother if she might use the car to go to a high-school basketball game at the schoolhouse a few blocks from the Rinker home. Her mother told her she could take the car and go to the game and come right back home. She took the car, went to the game, and afterwards took a young man from the game to his home in another part of town. On her way back from the home of the young man she struck plaintiff with the car while he was crossing the street. His leg was broken.

This action was brought against Essie Dean Rinker, the mother of Dorothy, as well as Dorothy, pursuant to the provisions of section 22 of chapter 80 of the Laws of 1931, now G. S. 1935, 8-222. That section is as follows:

"Every owner of a motor vehicle causing or knowingly permitting a minor under the age of sixteen years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle."

Essie Dean Rinker filed a demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action against her. This demurrer was overruled, and that ruling is one of the errors of which defendant Essie Dean Rinker complains here. It was presented in the lower court and is argued here as though the liability of Essie Dean Rinker depended on the above statute. The argument of defendant is that the statute violates the constitution because there are two subjects expressed in the title to the act. Article 2, section 16, of the state constitution provides in part as follows: "No bill shall contain more than one subject . . . ."

The title to this act is as follows:

"An act relating to motor vehicles, providing for licensing motor-vehicle operators and chauffeurs, defining the liability of certain persons for negligence in the operation of motor vehicles on the public highways and to make uniform the law relating thereto." (Laws 1931, ch. 80.)

The argument is that the title refers to licensing operators and chauffeurs of automobiles and to defining the liability of certain persons for negligence. Defendant relies in the main on what this court held in *Cashin v. State Highway Comm.*, 137 Kan. 744, 22 P. 2d 939. In that case this court held section 23 of chapter 80 of the Laws of 1931 to be in violation of the state constitution because the act contained two subjects. This court pointed out that the title referred to licensing "motor-vehicle operators and chauffeurs" and also to defining the "liability of certain persons for negligence." Section 23 was as follows:

"This state and every county, city, municipal or other public corporation within this state, employing any operator or chauffeur, shall be jointly and severally liable with such operator or chauffeur for any damages caused by the negligence of the latter while driving a motor vehicle upon a highway in the course of his employment: *Provided,* This section shall not apply to boards of education, fire or police departments."

The action was against the state highway commission for injuries

caused by a chauffeur for the commission. In holding section 23 to be unconstitutional this court said:

"A careful reading of the entire act indicates that every section of it except section 23 relates to the licensing of motor-vehicle operators and chauffeurs and the punishment for the violation of the provisions of the act and the liability of such operators and chauffeurs and owners of motor vehicles furnished to minors or unlicensed operators and chauffeurs, all of which features and provisions are related and germane to the subject of licensing motor-vehicle operators and chauffeurs. Section 23 does what the second part of the title indicates by defining the liability of certain persons for negligence in the operating of motor vehicles on the public highway." (p. 746.)

It will be noted that this court stated there was no connection between creating a new liability for certain municipalities and agencies of the state and the licensing of chauffeurs, while there was a connection between licensing chauffeurs and the matters dealt with in the other sections. As we examine the chapter for the purpose of this review we have reached the latter conclusion. Section 5 of the chapter, being G. S. 1935, 8-205, provides, among other things, as follows:

"An operator's or chauffeur's license shall not be issued in any of the following cases: (a) To any person under the age of 13 years, and no chauffeur's license to any person under the age of 18 years."

It will be noted that the above constitutes a restriction upon the issuance of operators' and chauffeurs' licenses. The provisions of G. S. 1935, 8-222, providing for liability for persons who furnish an automobile to persons of a certain age is certainly germane and related to the matter dealt with in G. S. 1935, 8-205. The reason for the constitutional provision that an act shall not contain more than one subject, which shall be clearly expressed in its title, is to prevent two or more unrelated subjects being covered in an act so that members of the legislature would feel that they should vote for a bill which contained a provision to which they were opposed in order to secure the enactment of the bill with some provisions they considered important. Nothing of this sort would be the case with chapter 80 of the Laws of 1931, as far as section 22 is concerned.

Defendant Essie Dean Rinker next argues that section 22 violates the constitution because the title to the act limits the liability of certain persons for negligence on the highway, while the latter part of section 22 reads:

". . . and any person who gives or furnishes a motor vehicle to such minor shall be jointly and severally liable with such minor for any damage caused by the negligence of such minor in driving such vehicle."

The complaint is that the above provision does not restrict, as the title does, the liability of the person who permits a minor to operate an automobile to damages that occur on the highway. It is urged that on this account the purpose of the act is not clearly expressed in the title. The likelihood that the operator of an automobile would injure anyone while driving it anywhere except on the highway is so remote that this discrepancy would not make the act bad.

Defendant next points out that the title to the act restricts it to "liability of certain persons for negligence in the operation of motor vehicles on the public highways." She argues that the title is not broad enough to include a section with reference to furnishing a minor under sixteen years of age a car. We have already demonstrated in this opinion that the matter covered in section 22 of the act is germane and related to that part of the subject of the act that has to do with licensing chauffeurs and operators. While the constitutionality of the act was not passed on because it was not raised, recovery was permitted against a father on account of the negligent operation of an automobile by his son under the provisions of this statute in *Jacobs v. Hobson,* 148 Kan. 107, 79 P. 2d 861. We have concluded, therefore, that section 22 of chapter 80 of the Laws of 1931 does not violate the constitution of our state.

Defendant Essie Dean Rinker next argues that her demurrer to the evidence should have been sustained because it showed that the injury to plaintiff occurred while Dorothy was using the car on a journey not authorized by Essie Dean Rinker. The evidence on this point is that Dorothy asked her mother if she could take the car to the basketball game. Her mother told her she could go to the game if she came right back home. The place where the game was being played was a block east of the Rinker home. Dorothy drove the car to the game, parked it and went in and watched the game until it was over. After the game she went out and got in her car with the intention of going home. Just then one of the basketball players came out and asked her to take him to his home so he could change clothes. She consented to do this. To make this trip she drove a block east to Main street, then five blocks south, then two blocks west, then four blocks south to the boy's home. There she waited until the boy changed his clothes and came out. She then drove two blocks east to Main street, and when she reached Main street she started back north. She drove six blocks north on Main street until she arrived at the intersection of Twelfth and Main. It was at this

intersection that plaintiff was struck. All of the trip from the basketball game to the place where plaintiff was struck was unnecessary for her to have traveled in returning home from the basketball game, that is, she could have returned home in the car by making a U-turn at the basketball game and driving back west and a block north to her home. It was not necessary for her to have come closer than a block from Main street.

Defendants point out this situation and argue that since plaintiff was injured by Dorothy while she was driving the car much farther than she was permitted, Essie Dean Rinker is not liable, under the statutes, to plaintiff, even though he was injured by the negligence of Dorothy. Cases where this court has held an employer not liable to one injured by an employee where the employee at the time of the injury was acting beyond the scope of his employment are cited and relied on by defendant Essie Dean Rinker. We question, however, whether this statute is susceptible to this narrow a construction. The statute fixes the liability upon "any person who gives or furnishes a motor vehicle to such minor." By this language the legislature declared it to be the policy of this state that liability should attach to any person who placed as dangerous an agency as an automobile within the control of a minor who was not more than sixteen years old. The idea of the legislature was to discourage the practice of endangering the safety of the public by permitting people of the classes named to drive a motor car on the streets. Once defendant permitted Dorothy, while she was a minor under the age of sixteen years, to drive the motor vehicle, she had brought herself under the terms of the statute. One of the reasons for the enactment of the statute was the well-known tendency on the part of young people to think the "longest way round is the shortest way home." Furthermore, Dorothy said, when she testified for plaintiff:

"Q. What did she say to you with reference to whether or not you could take the car out that night? A. There was a basketball game in the senior high school that night. She told me I could go to that game and come right back home.

"Q. She told you you could take the car out that night, did she? A. Yes, sir."

When she testified on behalf of her mother and herself she said:

"I had a conversation with my mother about using the car that night. I asked her if I could take it to the basketball game because it was rather cold to walk down and she told me I could if I would be sure to come home right after the game."

In the first place, it is refreshing to read the testimony of Dorothy. It is clear that she told the truth when she was on the stand, even though it might prove damaging to her mother and herself. It is a little difficult to construe the words of Dorothy and her mother as an absolute direction on the part of Mrs. Rinker for Dorothy to make a U-turn at the high-school building and come back on down Broadway to her home. The members of this court have seen the fifteen-year-old mind in action too often not to be able to picture the ease with which Dorothy convinced herself that taking this young man home was coming right home, at least so nearly so that she could take a chance on braving the maternal wrath by doing this neighborly act. This is especially true in this case, since Mrs. Rinker testified that the family wanted the car so they could go to the show after the basketball game. The idea was that the time at which the car should be brought back was the important thing, rather than the route traveled.

Defendant Essie Dean Rinker next argues that an automobile is not such a dangerous instrumentality as to make a parent liable for its negligent operation by a minor who was permitted to have one in his possession. It will not be necessary to decide this question, since we have held that G. S. 1935, 8-222, does not violate the state constitution and defendant Essie Dean Rinker is liable under that statute.

Defendant Essie Dean Rinker next argues that instruction No. 4 given by the trial court was erroneous. That instruction is as follows:

"You are instructed that section 8-222 reads as follows:

" 'Every owner of a motor vehicle causing or knowingly permitting a minor under the age of sixteen years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle.'

"You are instructed that before the defendant Essie Dean Rinker can be held liable under the provisions of this act, the plaintiff must prove and establish by a preponderance of the evidence that she knowingly permitted the defendant Dorothy Rinker, while under the age of sixteen years, to drive the automobile in question upon the highway, or that she gave or furnished a motor vehicle to her daughter who was at that time under the age of sixteen years, and that while the said minor was driving the said automobile upon the public highway and was under the age of sixteen years, the plaintiff was injured, and that such injury was caused by the negligence of the said minor in driving such vehicle."

Defendant argues that this instruction is erroneous because it tells the jury it could find against Essie Dean Rinker if it believed she knowingly permitted Dorothy to have the car, whereas she could, under the facts of this case, only be held liable if she gave or furnished Dorothy the car. We are unable to see where this instruction was prejudicial to defendant. The distinction is too fine.

We have examined the other objections to the instructions given by the trial court and find them to be without merit.

The judgment of the trial court is affirmed.