ANNA S. FITILES & others *vs.* WILLIAM A. UMLAH & another (and a companion case [1]).

Middlesex.     January 7, 1948. — January 30, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILLIAMS, JJ.

*Agency*, What constitutes. *Evidence*, Presumptions and burden of proof. *Motor Vehicle*, Operation.

In an action against the registered owner of a motor vehicle for injuries resulting from a collision in which it was involved while it was being operated by another, a warranted special finding by the jury, that at the time of the collision the operator was not acting within the scope of his employment by the defendant or by permission of the defendant, made G. L. (Ter. Ed.) c. 231, § 85A, inapplicable and made unwarranted a verdict for the plaintiff based on the ground that the operator's conduct bound the defendant.

Liability of the owner of an automobile for injuries resulting from a collision in which it was involved while it was being operated by one who the owner knew or should have known was unlicensed could not be predicated on a violation of G. L. (Ter. Ed.) c. 90, § 12, where it appeared that at the time of the collision the operator was using the automobile without permission from the owner, even though the operator was in possession of a key to the garage in which the automobile was kept.

TWO ACTIONS OF TORT. Writs in the Superior Court dated January 9, 1946, and October 31, 1945, respectively.

---

[1] The companion case was one brought against William A. Umlah by Elizabeth Eliopoulos to recover for property damage to her automobile.

· The actions were tried before *Beaudreau*, J. There were verdicts for the plaintiffs, and the defendant Umlah alleged exceptions.

*A. E. LoPresti*, (*P. J. Donaher* with him,) for the defendant Umlah.

*S. S. Cross*, (*S. Leventall* with him,) for the plaintiffs.

Lummus, J. On August 16, 1945, the plaintiffs Anna S. Fitiles, William V. Logue, Muriel Logue, Dorothy Logue, William V. Logue, Junior, and John Clark were riding in a motor vehicle owned by Elizabeth Eliopoulos, and operated by said Anna S. Fitiles, and were injured in a collision between that motor vehicle and another owned by the defendant William A. Umlah (hereinafter called the defendant) and operated by one Walter F. Kilgallon, Junior. Counts were added by William V. Logue to recover consequential damages for medical service rendered to his wife and minor children, and by Alfred Clark to recover consequential damages for medical service rendered to John Clark, his minor son.

At the trial, it appeared that the defendant's motor vehicle was registered in his name as owner. The defendant was almost blind, and employed Kilgallon to drive his motor vehicle. Kilgallon assured him that he (Kilgallon) was a licensed operator. G. L. (Ter. Ed.) c. 90, § 12. But he had no license in truth. If Umlah allowed Kilgallon to operate because of ignorance that Kilgallon had no license, he was nevertheless guilty of a violation of that section. *Leblanc* v. *Pierce Motor Co.* 307 Mass. 535, 538. But the evidence showed that while the key to the garage, in which the motor vehicle was kept, was given to Kilgallon, he was, on August 15, 1945, instructed by Umlah not to use the motor vehicle until he resumed work for Umlah on August 17, 1945. In violation of those instructions, Kilgallon took the motor vehicle on the evening of August 16, 1945, and drove it upon his own personal business, and while he was so using it the collision happened through his negligence.

In response to questions submitted to the jury, the jury found that at the time of the collision Kilgallon was not

acting within the scope of his employment by Umlah, that Umlah knew or should have known at the time he employed Kilgallon that the latter had no license, but that at the time of the collision Kilgallon was using the motor vehicle without permission from Umlah.

The jury returned verdicts in favor of all the plaintiffs. The judge denied the defendant's motions for directed verdicts, and the defendant's motions to enter verdicts in his favor under leave reserved. The cases come here on the defendant's exceptions.

Although the registration of the motor vehicle in the name of the defendant cast upon him the burden of proving that at the time of the collision it was not being operated by a person for whose conduct the defendant was responsible (G. L. [Ter. Ed.] c. 231, § 85A), the special findings of the jury that at the time of the collision Kilgallon was not acting within the scope of his employment nor within any permission from Umlah made the statute inapplicable to the case. The statute does not change the substantive law, but changes only the burden of proof. *Smith* v. *Freedman*, 268 Mass. 38. *Wilson* v. *Grace*, 273 Mass. 146. There being evidence on the point in favor of the defendant, the question became one of fact, and was settled in favor of the defendant by the special findings of the jury. Verdicts could not have been rendered in favor of the plaintiffs on the ground that the conduct of Kilgallon bound the defendant.

Neither can the plaintiffs recover on the ground that the defendant violated G. L. (Ter. Ed.) c. 90, § 12, providing that "No person shall allow a motor vehicle owned by him or under his control to be operated by any person who has no legal right so to do, or in violation of this chapter." The special findings establish that at the time of the collision the defendant did not "allow" and was not allowing Kilgallon to operate the motor vehicle. The fact that Kilgallon held a key which would enable him to take physical possession of the motor vehicle was not evidence of consent thereto on the part of the defendant, especially in view of the special findings. *Dickinson* v. *Great American Indemnity Co.* 296

Mass. 368, 371.  See also *Ouellette* v. *Bethlehem-Hingham Shipyard, Inc.* 321 Mass. 390, 393.

In each case the entry will be

> *Exceptions sustained.*
> *Judgment for the defendant.*