No. 12722

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

————————

VERNON D. SEDLACEK,

                    Cross Appellant,
     and

SIGNE M. SEDLACEK,

                    Plaintiff and Respondent,

     -vs-

EDWARD A. AHRENS, DOROTHY G. AHRENS and
CLAYTON E. AHRENS,

                    Defendants and Appellants.

————————

Appeal from:  District Court of the Seventh Judicial District,
              Honorable L. C. Gulbrandson, Judge presiding.

Counsel of Record:

     For Appellants:

          Hutton, Sheehy and Cromly, Billings, Montana
          John C. Sheehy argued, Billings, Montana

     For Respondent:

          Morrison, Ettien and Barron, Havre, Montana
          J. Chan Ettien argued, Havre, Montana

————————

                              Submitted:  November 14, 1974

                              Decided:  DEC 30 1974

Filed:  DEC 30 1974

<u>Thomas J. Kearney</u>
                                   Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Following an automobile-motor bike accident, the automobile passenger sued the minor motorcyclist and his parents for her personal injuries and the automobile driver sued in a separate action for damages to his car. Two judgments were entered in the district court of McCone county following a consolidated nonjury trial: (1) Judgment for the passenger against all defendants. (2) Judgment against the driver in favor of all defendants. The parents of the minor motorcyclist appeal from the first judgment and the driver crossappeals from the second judgment.

On July 28, 1966, at about 4:00 p.m. Clayton Ahrens, a 12 year old, was driving a Honda motor bike south on Montana Route 12 in McCone County. Vernon Sedlacek was driving a Cadillac, in which his wife Signe was a passenger, in the same direction behind the motor bike.

As the Cadillac approached a point on the highway about 600 feet before reaching the accident scene, the Cadillac slowed from about 70 miles per hour to about 60 miles per hour and then picked up speed as it prepared to pass the motor bike.

Clayton Ahrens did not signal his intent to turn left and Vernon Sedlacek did not sound his horn until he was in the act of passing.

As Clayton Ahrens was making his left turn, Vernon Sedlacek applied the brakes and pulled left on to the shoulder of the highway causing the Cadillac to roll. It came to rest on its top with the front end on the pavement and the rear end half in the left borrow pit. It appeared from marks on the Cadillac that the motor bike had collided with the right rear fender of the car.

The motor bike was owned by Clayton Ahren's father who had purchased it ten days before the accident. Clayton was using

it on Montana Route 12 without the knowledge of his parents, Edward and Dorothy Ahrens, and against their instructions that he not go out upon the highway when using the motor bike.

Signe Sedlacek received personal injuries in the accident. The Cadillac was extensively damaged. Clayton Ahrens received only superficial injuries and Vernon Sedlacek was not injured.

Signe Sedlacek filed a personal injury action against Clayton Ahrens and his parents. Vernon Sedlacek filed an action to recover damages to his Cadillac. Both actions were filed in the district court of McCone County and consolidated for trial.

Judge L. C. Gulbrandson tried the case without a jury. He entered findings of fact and conclusions of law: (1) that Clayton Ahrens was negligent in making a left turn off the highway without signaling; (2) Vernon Sedlacek was contributorily negligent in driving at a speed greater than was reasonable under the existing conditions and in failing to sound his horn prior to passing; (3) that Edward Ahrens was liable for the injuries suffered by Signe Sedlacek by providing a motor vehicle to Clayton Ahrens who was a person forbidden by statute to operate a motor vehicle because of his age; and, (4) that Signe Sedlacek suffered $4,800 damages by reason of her injuries.

Judgment was entered in favor of Signe Sedlacek against Clayton Ahrens and his parents for $4,800, plus costs. A separate judgment was entered in favor of all defendants against Vernon Sedlacek denying damages to the Cadillac.

Edward and Dorothy Ahrens, Clayton's parents, appeal from Signe Sedlacek's $4,800 judgment against them; Clayton Ahrens does not appeal from this judgment. Vernon Sedlacek crossappeals from the judgment denying him recovery for damages to the Cadillac.

Clayton's parents contend that neither is liable for the

injuries to Signe Sedlacek under the trial court's findings and conclusions.

At the outset, we note there are no findings nor conclusions of the district court that support any liability on the part of Dorothy Ahrens. The district court so provided in the concluding paragraph of its findings:

> "WHEREFORE, let Judgment be entered in favor of the plaintiff, Signe Sedlacek, against the defendants, Clayton E. Ahrens and Edward A. Ahrens, in the sum of $4800 and her costs."

The judgment was inadvertently entered against all defendants. The name of Dorothy Ahrens is ordered stricken from the judgment to conform to the findings and conclusions.

Two statutes of Montana's Motor Vehicle Code are relevant to a discussion of Edward Ahrens' liability:

Section 31-156, R.C.M. 1947, provides:

> "(1) No person shall cause or knowingly permit his child or ward under the age of eighteen (18) years to drive a motor vehicle upon any highway when such minor is not authorized hereunder or in violation of any provisions of this act."

Section 31-127, R.C.M. 1947, provided at the time of the accident:

> "The board shall not issue any license hereunder:
>
> "(1) To any person, as an operator, who is under the age of sixteen (16) years, with these exceptions:
>
> "(a) * * *
>
> "(b) the board may issue a restricted license as hereinafter provided to any person who is at least thirteen (13) years of age * * *."

Edward Ahrens contends that he is not liable because (1) he did not knowingly permit his son Clayton to drive the motor bike upon the highway in violation of section 31-156, and (2) the licensing statute does not forbid a minor below licensing age to drive a motor bike on private property.

Edward's contentions miss the point. The basis of his

liability is entrustment of the motor bike to a person not qualified to operate it on a public highway. Liability is not predicated on knowingly permitting Clayton to drive the motor bike on the highway in violation of section 31-156. The relevant basis of liability was expressed in this language by the district court:

> "The defendant, Edward Ahrens, by providing a motor vehicle to Clayton Ahrens who was a person forbidden by statute to operate a motor vehicle because of his age, is liable for injuries caused to the plaintiff, Signe Sedlacek, by the negligent operation of the motor bike by Clayton Ahrens."

Licensing statutes such as section 31-127, R.C.M. 1947, prohibiting the issuance of an operator's license to a minor below a prescribed age are enacted under a state's police powers in the interests of public safety. One of the objects of such statutes is to protect users of the highways from inexperienced and immature drivers. Charbonneau v. MacRury, 84 N.H. 501, 153 A. 457, 73 ALR 1266. Such statutes are legislative declarations that minors under licensing age are incompetent drivers and do not possess sufficient care and judgment to operate motor vehicles on the public highways without endangering the lives and limbs of others. Schultz v. Morrison, 91 Misc. Rep. 248, 154 N.Y.S. 257, aff'd 172 App.Div. 940, 156 N.Y.S. 1144; 7 Am Jur 2d, Automobiles and Highway Traffic § 107.

The fact that such a minor deviates from the consent given and exceeds its limitations will not relieve the provider from liability. 8 Am Jur 2d, Automobiles and Highway Traffic § 575; Shrout v. Rinker, 148 Kan. 820, 84 P.2d 974; Strout v. Polakewich, 139 Me. 134, 27 A.2d 911. Liability is not bottomed on agency or imputed negligence where the scope of consent or authority may play a significant role. Respondeat superior and the family purpose doctrine are alien considerations. The act

of the provider himself is the basis of liability--placing an unlicensable minor in possession of an instrumentality which in his immature and incompetent hands becomes dangerous to other motorists the licensing statute is designed to protect.

Counsel for defendants have cited three cases under similar facts where other courts have held the parent is not liable. Fitiles v. Umlah, 322 Mass. 325, 77 N.E.2d 212; Prewitt v. Walker, 231 Miss. 860, 97 S.2d 514; Marron v. Helmecke, 100 Colo. 364, 67 P.2d 1034. All are distinguishable. Fitiles and Marron involved an agency relationship of employer-employee with scope of employment and consent the controlling elements in regard to liability. Prewitt involved imputed negligence arising from the parents' signatures on a minor's application for a driver's license.

We affirm Signe Sedlacek's judgment against Edward Ahrens.

The thrust of the crossappeal is that Vernon Sedlacek could not have been contributorily negligent because (1) the accident happened the way Sedlaceks testified and not the way Clayton said it did; (2) in any event, neither excessive speed nor failure to sound the horn prior to passing proximately caused the accident.

The first point simply involves a conflict in the evidence. We have consistently held under such circumstances that this Court cannot substitute its weighing of the evidence for that of the trial court. When there is a conflict in the evidence, the findings of the trial court are presumed to be correct if supported by substantial credible evidence. City of Missoula v. Rose, ____Mont.____, 519 P.2d 146, 31 St.Rep. 191.

The second point involves causation. Vernon Sedlacek's contention, as we understand it, is that Clayton Ahrens' negligence was the sole proximate cause of the accident and that neither

- 6 -

excessive speed nor failure to sound his horn prior to passing on the part of Vernon Sedlacek contributed to the cause of the accident.

Excessive speed by Sedlacek could have contributed as a proximate cause of the accident under the evidence. "But for" such excessive speed the Cadillac could have been stopped short of a collision, or at least short of the ditch. The same may be said of the horn. "But for" Sedlacek's failure to sound his horn sufficiently in advance of passing, Clayton would have been warned of the overtaking Cadillac in time to avoid turning in its path. The "but for" test in determining proximate cause has been approved in Montana. Sztaba v. Great Northern Ry., 147 Mont. 185, 411 P.2d 379.

Haney v. Mutual Creamery Co., 67 Mont. 278, 215 P. 656, does not support Sedlacek here. Haney simply held that under the evidence of plaintiff, he was not contributorily nelgigent as a matter of law and the question should be submitted to the jury.

The judgments of the district court, as modified to eliminate Dorothy Ahrens, are affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

Mr. Justice Wesley Castles dissenting in part and concurring in part:

I concur in striking the name of Dorothy Ahrens from the judgment. I also concur in affirming the judgment on the crossappeal of Vernon Sedlacek.

I dissent to the affirmance of the judgment against Edward Ahrens. The majority opinion holds the basis for liability as being negligent entrustment of a motor bike by the parent to a person disqualified from operating it on a public highway. In my view, the district court's conclusion relied upon by the majority is not a conclusion of negligent entrustment but rather one of vicarious liability.

The majority reasons that: Since Clayton was under thirteen years of age and was legally incapable of obtaining a driver's license, he was incompetent as a matter of law from operating a motor vehicle and the Ahrens should have known such fact. However, when this statute is viewed together with section 31-125(a), R.C.M. 1947, which forbids the operation of a motor vehicle without a license "upon a highway in this state", it can be readily seen that the law declares a person under thirteen to be incompetent only for the purpose of driving upon a highway. There is no law in Montana which prevents any unlicensed person from operating a motor vehicle upon private real property. It is common knowledge that children raised on Montana farms begin to drive motor vehicles and farm implements on and about the farm at an early age. The Ahrens' permission and knowledge of Clayton's use of the motor bike extended only to the farm premises, not to the highway. We would have an entirely different situation had the Ahrens provided Clayton with the motor bike for use on the highway or where such use could have been reasonably expected to occur.

This Court has rejected the family purpose doctrine. Clawson v. Schroeder, 63 Mont. 488, 208 P. 924; Smith v. Babcock,

- 8 -

157 Mont. 81, 482 P.2d 1014.

Plaintiffs also rely on Edward Ahrens' plea of guilty to a violation of section 31-156, R.C.M. 1947, which prohibits a person to knowingly permit his child or ward to drive a motor vehicle upon any highway when such minor is not authorized. While the plea is admissible as evidence of the proposition that Edward knowingly permitted Clayton to drive on the highway, it is not conclusive. Sikora v. Sikora, 160 Mont. 27, 33, 499 P.2d 808. The district court found that "Clayton was using the Honda motor bike/at the time of the accident on the highway * * * without the knowledge of the parents, and against their instructions that he not go out upon the highway in using said motor bike." This finding is fully substantiated by the evidence.

I would also hold as a matter of law that the evidence presented by plaintiffs does not present any issue of negligent entrustment. The sole evidence which could possibly lead to a finding of negligent entrustment is: the motor bike was in fact entrusted to Clayton; his parents knew Clayton was twelve years old; Clayton had had no training or instruction in the driving of a motor bike prior to it being entrusted to him ten days earlier; and, Edward plead guilty to a violation of section 31-156, R.C.M. 1947. Clayton was specifically instructed to only use the motor bike around the farm and not to go on the highway. The record is devoid of any evidence as to Clayton's habits or characteristics which would indicate that his parents knew or should have known that Clayton would violate their instructions or was unable to properly operate the Honda. The district court specifically negated the guilty plea by finding that the parents were without knowledge of Clayton's use of the motor bike on the highway. On these facts, viewed in a farm setting, there is not even an inference of negligence.

_Wesley Castles_
_____
Justice

- 9 -