No. 02-411

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 256N

CITY OF BILLINGS,

　　　　Plaintiff and Respondent,

　　v.

MARTIN BECKMAN,

　　　　Defendant and Appellant.

APPEAL FROM:　　District Court of the Thirteenth Judicial District,
　　　　　　　　In and for the County of Yellowstone,
　　　　　　　　The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　Martin Beckman, Billings, Montana (*pro se*)

　　　　For Respondent:

　　　　Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant
　　Montana Attorney General, Helena, Montana; Brent Brooks, Billings
City Attorney, Craig Hensel, Deputy Billings City Attorney, Billings,
Montana

Submitted on Briefs: October 24, 2002

Decided: November 21, 2002

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Martin Beckman (Beckman), *pro se*, appeals from the District Court's May 20, 2002 Order and Memorandum affirming the verdict of the Municipal Court wherein, after a jury trial, Beckman was convicted of driving without a driver's license in violation of § 61-5-102, MCA, and driving without liability insurance in violation of § 61-6-301, MCA.  We affirm.

¶3     The record reflects that Beckman was charged with and convicted of the offenses of driving without a driver's license in violation of § 61-5-102, MCA, and driving without liability insurance in violation of § 61-6-301, MCA, in Billings Municipal Court on January 24, 2001.  In accordance with § 3-6-110, MCA, Beckman appealed to the District Court, the Honorable Diane Barz, presiding. Judge Barz authorized the filing of briefs to address any questions of law or errors in the record, and Beckman filed a brief arguing that the underlying complaint was defective because he did not commit any criminal offense.

¶4     The District Court noted that Beckman's argument on appeal was extremely unclear, but it appears that, basically, he asserted that he has an absolute right to travel the public roads in Montana without a license or insurance.  Judge Barz rejected this argument on the basis of this Court's decision in *State v. Skurdal* (1988), 235 Mont. 291, 295, 767 P.2d 304, 307 (*Skurdal II*),

2

wherein we acknowledged that requiring Montana's drivers to possess a valid license and liability insurance is a valid exercise of the State's police power.

¶5     Beckman's arguments on appeal to this Court are not much clearer than they were in the District Court. He assails the competence of the judiciary; argues, without analysis, various sections of the Montana Constitution and various statutes; and ultimately concludes that the *Skurdal II* decision is not the law of the land. We disagree; it is.

¶6     In *Sedlacek v. Ahrens* (1974), 165 Mont. 479, 530 P.2d 424, we recognized the State's authority, under its police powers, to regulate the licensing of drivers in the interest of public safety. *Sedlacek*, 165 Mont. at 483, 530 P.2d at 426. We followed that rule in *Billings v. Skurdal* (1986), 224 Mont. 84, 730 P.2d 371, *cert. denied* 481 U.S. 1020 (1987) (*Skurdal I*), wherein we concluded on the basis of *Sedlacek*, Skurdal had not shown that the statute requiring drivers to be licensed and the statute requiring proof of liability insurance were unreasonable or a violation of a driver's constitutional rights. *See also Skurdal II*, 235 Mont. at 295-96, 767 P.2d at 307 (holding that the constitutional right to travel does not encompass unrestrained use of highways; that the ability to drive a motor vehicle on a public highway is not a fundamental right, but rather is a revocable privilege that is granted upon compliance with statutory licensing procedures; that a driver's ability to travel on public highways is always subject to reasonable regulation by the State as a valid exercise of its police powers; and that motor vehicle codes were promulgated to increase the safety and efficiency of our public roadways).

¶7     We have consistently applied these rules ever since. *See Jess v. Department of Justice* (1992), 255 Mont. 254, 841 P.2d 1137 *overruled on other grounds by Bush v. Department of Justice*, 1998 MT 270, 291 Mont. 359, 968 P.2d 716; *State v. Folda* (1994), 267 Mont. 523, 885 P.2d 426;

3

*Nelson v. Driscoll*, 1999 MT 193, 295 Mont. 363, 983 P.2d 972. The District Court's May 20, 2002 Memorandum and Order reflects that the District Judge carefully followed this Court's precedent in rejecting Beckman's arguments.

¶8    On appeal Beckman also argues that Judge Barz erred in determining that his traffic violations were misdemeanors. Again, while it is difficult to follow his arguments, Beckman appears to contend that violations of Title 61 are not criminal offenses, pursuant to § 27-1-103(2), MCA, with the result that the Municipal Court lacked authority to impose criminal sanctions. Section 27-1-103, MCA, defines actions as either civil or criminal and then at subparagraph (2) provides:

> A civil action is prosecuted by one party against another for the enforcement or protection of a right or the redress or prevention of a wrong. Titles 45 and 46 define and provide for the prosecution of a criminal action. When the violation of a right admits of both a civil and criminal remedy, the right to prosecute the one is not merged in the other.

¶9    The District Court rejected this argument, and properly so. As the State points out in its brief on appeal, the Legislature has defined both Title 61 offenses in question as misdemeanor offenses by virtue of the penalty involved. *See* §§ 61-5-307, 61-6-151, and 61-6-304, MCA. As in the case here, an offense that carries a penalty of imprisonment in the county jail for a term or a fine, or both, or for which the sentence that is imposed is imprisonment in the State prison for a term of one year or less is by nature a misdemeanor criminal offense. Section 45-2-101(41), MCA. The penalty provisions of Title 61 fit the definition of a "misdemeanor" in Title 45 and there is no conflict with § 27-1-103, MCA, Beckman's argument to the contrary.

¶10    Here, the District Court ruled on questions of law. Our standard of review of a district court's conclusions of law is plenary, and we will review the court's conclusions of law to determine

4

whether those conclusions are correct. *State v. Hocevar*, 2000 MT 157, ¶ 115, 300 Mont. 167, ¶ 115, 7 P.3d 329, ¶ 115 (citation omitted). The District Court correctly resolved the issues of law raised by Beckman in his appeal from the Municipal Court verdict.

¶11    We affirm.


                                        /S/ JAMES C. NELSON


We Concur:


/S/ KARLA M. GRAY
/S/ TERRY N. TRIEWEILER
/S/ JIM REGNIER
/S/ JIM RICE