MONTANA FARM SERVICE COMPANY, Plaintiff and Respondent, v. LEO MARQUART and LARRY ROTH D/B/A SOUTHSIDE TIRE & CLINIC, Defendants and Appellants.

No. 14016.
Submitted April 28, 1978.
Decided May 11, 1978.
578 P.2d 315.

Tipp, Hoven, Skjelset, Missoula, Raymond P. Tipp argued, for appellants.

Morrow, Sedivy & Olson, Bozeman, Thomas A. Olson argued, for respondent.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

Defendant Leo Marquart appeals from a judgment of the District Court, Missoula County, granting plaintiff judgment in the sum of $5,301.27 plus attorney fees of $1,500 and costs.

On or about September 1, 1973, defendants entered into a written agreement with plaintiff, whereby defendants were designated as the service agent for plaintiff in Missoula, Montana. Under the agreement, defendants were authorized to merchandise tires, batteries and accessories delivered to them by plaintiff.

At trial, the testimony concerning the execution of this agreement was conflicting. Plaintiff's agent, Stewart Burwell, testified that defendants signed the agreements together and he personally witnessed such signing. He testified (1) that when the agreements were signed they were not blank agreements, (2) that defendant Marquart introduced him to defendant Roth, and (3) that defendant Marquart informed him that he and defendant Roth were going into a joint venture together to merchandise plaintiff's goods. This joint venture, according to Burwell, was Southside Tire and Clinic.

Defendants testified to a different version of the facts. Defendant Marquart testified that in about July, 1973, Burwell contacted him about becoming a service agent for plaintiff; that he told Burwell he was not interested in becoming an agent because of a lack of space at his business. He further testified that Burwell left him a blank copy of a service agency agreement to examine, which he read and signed while it was still blank. He stated that Burwell, after leaving the blank copy of the agreement with him, did not contact him again for four to six weeks. According to Marquart, when Burwell contacted him again, Burwell told him that defend-

ant Roth was going to be plaintiff's service agent so he wanted the papers that he had left earlier. Defendant Marquart testified he gave Burwell and defendant Roth the blank copy of the service agency agreement, which had his signature on it.

Defendant Roth testified that when he signed the agreement it was still blank, except for the defendant Marquart's signature. He said that having defendant Marquart's signature on the agreement did not bother him. He further testified that when he signed the agreement, defendant Marquart was not present. Both defendants testified that Southside Tire and Clinic was solely owned by defendant Roth. They testified there was no partnership or joint venture between them and they had never engaged in any business together.

Between September 1, 1973 and January 7, 1974, plaintiff delivered merchandise to defendants for resale, in accordance with their agreement. Defendants made no attempt to pay for any of the merchandise delivered to them. Burwell testified he attempted to collect payment for this merchandise from both defendants. Defendant Marquart testified that until this action was brought against him, plaintiff made no attempt to collect any payments from him.

Plaintiff filed its complaint against defendants on September 9, 1975, in Gallatin County. Plaintiff sought $5,301.27 for the merchandise delivered to defendants, plus its attorney fees and costs. On September 29, 1975, by stipulation, the action was transferred to Missoula County.

Trial was held in April and May, 1977, in Missoula County, to the court, sitting without a jury. On the day the trial started, April 25, 1977, judgment was entered against defendant Roth for failure to apear at trial. He later appeared to testify on behalf of defendant Marquart. On June 20, 1977, the District Court entered its findings of fact, conclusions of law and judgment.

On June 28, 1977, defendant Marquart filed exceptions to the findings of fact and conclusions of law; and, motions for a new trial, to amend the findings and to set aside, vacate or modify the

judgment. Following the denial of these motions on July 7, 1977, defendant Marquart appealed.

The sole issue on appeal is whether the evidence is sufficient to sustain the findings of fact, conclusions of law, and judgment of the District Court, requiring defendant Marquart to pay for the merchandise received by Southside Tire and Clinic.

The evidence in this case is conflicting. Plaintiff's witness gave one version of the facts and defendants gave another version. On appeal, both sides argue the evidence as a whole supports their version of the facts.

Where there is a conflict in the evidence, this Court has laid down the following rule governing appeals:

"* * * We have consistently held under such circumstances that this Court cannot substitute its weighing of the evidence for that of the trial court. When there is a conflict in the evidence, the findings of the trial court are presumed to be correct if supported by substantial credible evidence." *Sedlacek v. Ahrens* (1974). 165 Mont. 479, 485, 530 P.2d 424, 427.

We have also held that the findings of the trial court, in a non-jury trial, will not be reversed on appeal, unless there is a clear preponderance of evidence against the findings. *Keneco v. Cantrell* (1977), 174 Mont. 130, 568 P.2d 1225. Applying those rules to this case, we find there is substantial credible evidence to support the findings of the trial court and there is no clear preponderance of evidence against such findings.

We recount the evidence supporting the findings: the testimony of Burwell concerning the execution of the agreements; his testimony that defendant Marquart stated that he and defendant Roth were going into a joint venture as the service agent for plaintiff; the agreements themselves which both defendants signed on the same signature line and next to each other's signature; and defendant Marquart's testimony that he had taken over the property owned by defendant Roth, which indicates some business dealing between the two men. The only evidence presented by defendants against the court's findings was their own testimony and a

calendar which was introduced into evidence. The calendar read that defendant Roth was the owner and manager of Southside Tire and Clinic.

In making its findings, the District Court must have chosen to believe plaintiff's version of the facts concerning the execution of the agreements, rather than the version presented by defendants. The weight of the evidence and credibility of witnesses, where the evidence is conflicting, is a matter for the trial court's determination in a nonjury case. *Olson v. Carter* (1977), 175 Mont. 105, 572 P.2d 1238; *Miller v. Fox* (1977), 174 Mont. 504, 571 P.2d 804. Therefore, we cannot readjudicate defendants' version of the facts.

In our view the evidence indicates that a partnership existed between the defendants as far as their relationship with the plaintiff is concerned. One may become a partner of a firm, as to third persons, without intending to, by words spoken or written or by conduct, and thereby become liable to those who have, on the faith thereof, given credit to the actual or apparent partnership. *Gustafson v. Taber* (1951), 125 Mont. 225, 234 P.2d 471. We hold then that defendant Marquart, by signing the service agency agreement and never having his name removed from it, is liable to plaintiff for the merchandise delivered to Southside Tire and Clinic.

The judgment of the District Court is affirmed.

MR. JUSTICES DALY, HARRISON, SHEA and SHEEHY concur.