No. 14229 √

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

ROBERT DEAN MARCOFF,

                Plaintiff and Respondent,

    -vs-

KATHY MARIE BUCK,

                Defendant and Appellant.

---

Appeal from: District Court of the Eighteenth Judicial District,
           Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Berg, Angel, Andriolo and Morgan, Bozeman, Montana

    For Respondent:

        Morrow, Sedivy and Olson, Bozeman, Montana

---

                Submitted on briefs: October 30, 1978

                          Decided:

Filed:

_Thomas J. Kearney_
                         Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment entered in the District Court of the Eighteenth Judicial District, County of Gallatin. The court, sitting without a jury, found negligence on the part of defendant involved in an intersection collision.

Two issues are presented:

1. Was there substantial evidence to support the trial court's finding of negligence on the part of defendant?

2. Was there substantial evidence to support the trial court's finding of damages to plaintiff's vehicle?

The accident took place at the intersection of Grand Avenue and Olive Street in the City of Bozeman, Montana. Appellant-defendant was driving a 1965 Comet automobile and hit respondent's Dodge truck at the right front door. Respondent was proceeding north on Grand Avenue at about 20 miles per hour. He testified that as he approached the Olive Street crossing he looked to his right (the direction appellant came from), then to his left, and then looked ahead. It was not until he was into the intersection that he saw appellant to his right some 30 feet away. Respondent's truck was somewhere in the northeast quadrant of the intersection when struck. No skid marks were apparent from either vehicle. The speed of both vehicles was estimated at 15 to 20 miles per hour.

Appellant testified that as she drove into the intersection, she looked to her left, then to her right and then straight ahead. She was looking to her right as she entered the intersection and stated she did not see respondent's vehicle until it was right in front of her. She thought she

-2-

then hit the brakes and turned to the right before the impact.

As to damages, respondent testified that when he purchased the pickup truck for $400 it did not run. He did a rebuilding and repainting of the vehicle and after putting the truck in first-class condition, he was offered $1,500 for it. Following the accident he had repair estimates of $1,700, but after having the frame straightened, he worked on the repairs himself and had expended between $300 and $400 for salvaged parts. The court found damages to the vehicle in the amount of $1,692.16 and also medical expenses of $72, hospital expenses of $16, lost wages in the amount of $115, and pain and suffering in the amount of $1,000.

Addressing the first issue, appellant argues that respondent was guilty of negligence under section 32-2170, R.C.M. 1947, and that DeVerniero v. Eby (1972), 159 Mont. 146, 496 P.2d 290, mandates that appellant could not be guilty of negligence.

Before addressing this issue, we note that this Court has often held that ". . . the findings of fact of the trial court, in a nonjury trial will not be reversed on appeal, unless there is a clear preponderance of the evidence against the findings." Montana Farm Service Co. v. Marquart (1978), ____ Mont. ___, 578 P.2d 315, 35 St.Rep. 631. See also Sedlacek v. Ahrens (1974), 165 Mont. 479, 530 P.2d 424. Likewise, we do not review determinations of weight and credibility of witnesses made by the trial court as a trier of the fact. Boatman v. Berg (1978), ___ Mont. ___, 577 P.2d 382, 35 St.Rep. 407.

Directing our attention to appellant's argument that section 32-2170(a), R.C.M. 1947, forecloses respondent's

recovery, we note that the statute provides:

> "When two (2) vehicles enter or approach an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

Here, the court found that respondent's vehicle had entered the intersection first and that appellant was guilty of negligence having entered the intersection while looking to her right, away from the direction respondent came into the intersection. Appellant testified she did not see respondent until he was "right smack" in front of her. The trial court found she was negligent, and that section 32-2170(a) was inapplicable. We disagree.

This Court in a very recent opinion, Yates v. Hedges (1978), ____ Mont. ____, ____ P.2d ____, 35 St.Rep. 1488, a case on facts undistinguishable from the case before us, held that the driver on the left coming into an uncontrolled intersection must yield to the driver on the right.

This rule, as stated in Yates, DeVerniero v. Eby, supra, and Flynn v. Helena Cab and Bus Co. (1933), 94 Mont. 204, 214, 21 P.2d 1105, 1108, controls the disposition of this case.

The decision of the trial court is reversed.

Justice

We Concur:

Chief Justice

Justices

-4-