MR. JUSTICE SHEEHY
dissenting:
The judgment entered by the District Court should be affirmed. The majority fault the District Court for not filing the net worth of the marital property of the parties on dissolution of the marriage, but give no effect to the impossibility for such evaluation through the lack of assistance and cooperation of the husband. The court found, as the majority opinion indicates, that the husband took $96,000 of the marital assets of the estate for the purported purpose of investing the same. Some $60,000 of those assets were obtained as late as December 1977. The action for dissolution of marriage was commenced on April 10, 1978. On July 12, 1978, the husband’s answers to the wife’s first interrogatories, while the litigation was in progress, he reported total assets of $118,275, total liabilities of $61,075, for a net worth at that time of $57,200. On May 30, 1979, the husband filed his “current answers” to the first set of interrogatories in which he reported total assets of $9,410, liabilities of $3,475, for a net worth of $5,935.
In none of the husband’s subsequent answers to interrogatories, testimony or documentation, does he demonstrate with any degree of adequacy what happened to the assets of the marital estate *229 which he took with him. He contends that he “invested” the monies, and sustained some “business losses.” On that basis, the court found as follows:
“XXIII. Petitioner now claims that he has no business, that he has lost all of the $96,000 that he brought to Montana, and claims a net worth of $5,935.
“XXIV. The court finds the testimony of petitioner incredible and finds that he has dissipated the value of the marital estate by the $96,000 he brought to Montana and cannot now account for.”
The court then went on to find that the petitioner’s opportunity for future acquisition of assets and capital is excellent considering his job skills and experience and on that basis rendered the judgment against the husband in favor of the wife.
There is no reason here to depart from the general rule of appellate practice that in cases tried to the court without a jury, the District Court is in the best position to see the comportment of the witnesses, and to judge of their candor and credibility. Knight and Co. v. Manaras (1979), 184 Mont. 448, 603 P.2d 674, 36 St.Rep. 2148; Jensen v. Jensen (1979), 182 Mont. 472, 597 P.2d 733, 36 St.Rep. 1259; Marcoff v. Buck (1978), 179 Mont. 295, 587 P.2d 1305, 35 St.Rep. 1953. Where the findings of the District Court depend upon the credibility of the witnesses, and the weight to be given their testimony, the District Court’s determination of those matters will be given weight in reviewing the sufficiency of the evidence and we will ordinarily presume that findings and judgment entered by the District Court are correct. Lumby v. Doetch (1979), 183 Mont. 427, 600 P.2d 200, 36 St.Rep. 1684.
This case should be controlled by Downs v. Downs (1976), 170 Mont. 150, 551 P.2d 1025, appeal after remand, 592 P.2d 938 (1979). The situation in Downs was the same as that faced by the District Court in this case. The husband was evasive, he had given incomplete discovery, and the trial court had no way to appraise the value of the marital property. The trial court had been confronted with a problem of evaluating the marital property in the *230 face of the lack of credibility of the witness. There we ordered a new trial because of the unreliability of the record. When the case returned to us on remand, it was found that the recalcitrance of the husband had continued. The judgment of the District Court on the second trial was affirmed without further ado.
In the case at bar, it is completely within the power of the husband to demonstrate what happened to the marital monies. He has not done so. He has been evasive in discovery and evasive in his testimony. This Court now places a burden upon the wife to set about to prove the falsity of her husband’s claimed losses; losses for which he claims to have no records. She should not have that burden. The judgment should be affirmed.