No. 84-302

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

MARJORIE L. ROBINSON, ANNA M.
SCHRADE and MARJORIE L. ROBINSON
on behalf of AMY J. SCHRADE,
a minor,

                Plaintiffs and Appellants,

    -vs-

RICHARD L. SCHRADE,

                Defendant and Respondent.

APPEAL FROM:  District Court of the Nineteenth Judicial District,
               In and for the County of Lincoln,
               The Honorable Robert M. Holter, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

           Sverdrup & Spencer; Scott B. Spencer, Libby, Montana

      For Respondent:

           L. Charles Evans, Libby, Montana

Submitted on Briefs:  Feb. 8, 1985

Decided:  April 2, 1985'

Filed: APR 2 1985

*Ethel M. Harrison*

—————————————————————
                  Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

This is an appeal from the judgment of District Court of the Nineteenth Judicial District in the County of Lincoln modifying a written contract by a subsequent oral agreement.

On June 9, 1983 Marjorie L. Robinson brought an action to enforce the terms of a written agreement entered into by Robinson and her divorced spouse, Richard L. Schrade on April 24, 1969. After a non-jury trial Judge Robert M. Holter entered a judgment in favor of Schrade holding that the written contract was modified by a subsequent oral agreement. Robinson appeals. We affirm.

The marriage of Robinson and Schrade was dissolved by decree on January 17, 1969. Robinson was granted custody of their two children and Schrade was ordered to pay $125 per child per month. There was no division of marital property. Robinson lived in the family house and made the monthly $130 mortgage payments.

On April 24, 1969 Robinson and Schrade signed an agreement prepared by Schrade's attorney wherein the parties agreed to attempt to sell their house for a minimum price of $20,000 with the net proceeds to be placed in a savings account for the college education of their children. The April agreement also provided that if Robinson vacated the house prior to its sale, Schrade's child support obligation would be reduced to $50 per child per month since Schrade would be responsible for the house payment. The parties intended to submit the April agreement for court approval. They did not. After investing $3,400 in improvements, the parties were unable to sell their house.

Robinson moved out of the family residence when she remarried on August 23, 1969. This occurred while Schrade was vacationing with their children. Upon returning home from their vacation, Schrade found Robinson preparing to

2

remove furnishings and other items of personal property. Schrade protested Robinson's actions since no property settlement agreement had been negotiated between them. Robinson agreed to Schrade's proposed settlement by which he received the house in return for Robinson taking any furnishing she wished and receiving title to the family car. On August 28, 1969 Robinson signed a quitclaim deed to her interest in the house and Schrade transferred title to the car to Robinson. Robinson took the personal property she desired without interference by Schrade. On September 1, 1969 Robinson moved to Idaho where she has resided until the time of this action.

A petition for modification was prepared September, 1969 seeking only to modify the child support provisions of the Decree. The petition made no reference to the sale of the house or any educational fund. The petition was never signed by the parties or presented to the court.

After Robinson and the children moved to Idaho, Schrade continued his support obligations. His payments remained current. He paid medical, dental and optical bills. He contributed to his oldest daughter's tuition and expenses related to her cosmetology school.

Since her move to Idaho over thirteen years ago, Robinson never questioned Schrade with regard to the sale of the house or the establishment of a savings account for the higher education of their daughters. The oldest daughter testified that during her visits with her father at their family residence she never discussed his plans to sell the house or set up educational funds. Richard never sold the house. An educational savings account was never opened.

In June, 1983, Robinson and the two daughters initiated the action against Schrade to enforce the April 1969 agreement and force Schrade to sell the family home and remit all proceeds to them for educational purposes. Presiding without a jury, the trial judge found that the oral arrangement

3

executed in August 1969 modified the written agreement of April 1969. Robinson appeals.

The following issues are presented:

1. Whether substantial credible evidence supports the trial court's findings and conclusions that the written contract was modified by a subsequent executed oral agreement.

Respondent creates a second issue:

2. Whether defendant-respondent's failure to call his former attorney as a witness at trial required the court to presume that such testimony would have been adverse to him.

The trial court did not address this supplementary issue. We find this question unessential to resolution of the dispute. Like the lower court, we discuss only the dispositive first issue.

The appellate standard for review is clear. The findings of the trial court are presumed to be correct if supported by substantial evidence. Montana Farm Service Co. v. Marquart & Roth (1978), 176 Mont. 357, 578 P.2d 315, 316.

The trial court found that Robinson accepted Schrade's oral agreement which provided that she would take the family car and any furnishing she wanted in exchange for Schrade receiving the family house. The trial judge found that the parties executed this oral agreement by endorsing the necessary documents. Robinson signed a quitclaim deed transferring her interest in the house to Schrade and took her desired items of personal property. Schrade transferred title to the family vehicle to Robinson. He resided in the family residence and assumed the indebtedness after Robinson vacated the house and moved to Idaho. The trial court held that Schrade paid medical, dental and optical bills. In addition to keeping his child support payments current, he assisted his oldest daughter in post-high school education.

4

Substantial evidence supports all of these findings. Robinson testified that she signed the quitclaim deed, took her personal property and moved to Idaho never to communicate with Schrade about the sale of the house. Schrade's oldest daughter admitted that her father assisted her in her tuition and expenses for cosmetology school. The record contains uncontroverted, credible evidence which supports the trial court's judgement.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5