DA 12-0178

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 314

JESSICA L. TONNER,

      Plaintiff and Appellant,

  v.

HOLLY ANN CIRIAN,

      Defendant and Appellee.


APPEAL FROM:    District Court of the Nineteenth Judicial District,
                In and For the County of Lincoln, Cause No. DV 09-37
                Honorable James B. Wheelis, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          James D. Moore, Attorney at Law; Kalispell, Montana

      For Appellee:

          Leonard H. Smith; Crowley Fleck PLLP; Billings, Montana


                Submitted on Briefs:  October 3, 2012

                        Decided:  December 27, 2012


Filed:

                    _____
                                    Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Jessica L. Tonner (Tonner) appeals an order of the Nineteenth Judicial District Court, Flathead County, granting summary judgment to Holly Ann Cirian (Cirian). The sole issue on appeal is whether Cirian is entitled to judgment as a matter of law. We reverse and remand for trial on Tonner's claim of negligence.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2     On March 19, 2007, Tonner was driving her Nissan Titan pickup truck east on Balsam Street in Libby, Montana. At the same time, Cirian was driving her Hyundai Elantra north on Washington Avenue, which meets Balsam Street at an uncontrolled intersection. Cirian approached the intersection from Tonner's right, and Tonner was to Cirian's left. As Tonner was driving through the intersection, the front of Cirian's car collided with the rear quarter-panel of the passenger side of Tonner's truck.

¶3     The collision damaged both vehicles and injured Tonner. Tonner filed an amended complaint against Cirian on July 25, 2011, alleging that the "collision was the direct and proximate result of the negligence of [Cirian]." Tonner contended in part that Cirian was negligent because she had failed "to maintain a proper lookout for other vehicles lawfully driving upon said roadway" and because she had failed "to operate her vehicle in a reasonable and prudent manner, under the circumstances then and there existing."

¶4     Cirian moved for summary judgment under M. R. Civ. P. 56(c), contending that she was not negligent "as a matter of law" because she "approached the intersection to

2

the right of Tonner," and thus Tonner had an absolute "statutory duty to yield the right-of-way to Cirian" under § 61-8-339, MCA (2007). Tonner opposed Cirian's motion, arguing that "the simple allegation of a right of way violation . . . does not conclude issues of comparative negligence, which are distinctly factual." She contended that "the fact that one driver enjoys the right of way does not absolve the favored driver of his duty to maintain a proper lookout." Both parties submitted deposition testimony and Tonner also attached a signed affidavit to her brief, recounting her recollection of the collision.

¶5     Each driver testified in her deposition that she was driving at or under the posted speed limit and was unimpaired. Both admitted, however, that neither saw the other's car prior to entering the intersection. Tonner explained in her affidavit that she slowed and looked down the street to her right before crossing Washington Avenue, but she did not see Cirian's car. Cirian, on the other hand, testified in her deposition that she did not look to her left before entering the intersection. She stated, "I'm pretty sure I was just looking straight, I mean, but at the last minute I saw her, so I was looking straight instead of anywhere else." Cirian later explained that, even if she had looked left, she would have been unable to see Tonner because "bushes and a fence" rendered that side of the intersection "very un-visible" to her. With her affidavit in response to Cirian's motion, Tonner attached photographs of the intersection taken shortly after the accident, purporting to demonstrate that Cirian's view of Balsam Street was not obstructed.

3

¶6　The District Court granted Cirian's motion for summary judgment on February 16, 2012, on the ground that "no genuine issue of material fact exists and that [Cirian] is entitled to judgment as a matter of law." The court faulted Tonner for failing to offer "admissible evidence to support [her] allegations." It refused to consider Tonner's contention that Cirian had received a traffic citation, noting that she had failed to submit an affidavit from the investigating officer and that issuance of a traffic citation was not admissible in the civil case in any event (citing *Hart-Anderson v. Hauck*, 239 Mont. 444, 449, 781 P.2d 1116, 1119 (1989)). The court also noted the lack of evidence that Cirian was speeding. The court concluded that, "[a]s a matter of law," Cirian "was not negligent nor did she proximately cause the accident, as the collision would not have occurred without [Tonner's] violation of the right-of-way statute."

**STANDARD OF REVIEW**

¶7　We review a district court's ruling on a motion for summary judgment de novo, applying the same M. R. Civ. P. 56(c) criteria as the district court. *Turner v. Wells Fargo Bank, N.A.*, 2012 MT 213, ¶ 11, 366 Mont. 285, ___ P.3d ___. Summary judgment is appropriate only "when the moving party demonstrates both the absence of any genuine issues of material fact and entitlement to judgment as a matter of law." *Parish v. Morris*, 2012 MT 116, ¶ 10, 365 Mont. 171, 278 P.3d 1015.

¶8　The party moving for summary judgment bears the initial burden of "establishing that no genuine issue of material fact exists." *Fisher v. Swift Transp. Co.*, 2008 MT 105, ¶ 12, 342 Mont. 335, 181 P.3d 601 (citing *Eklund v. Trost*, 2006 MT 333, ¶ 21, 335

Mont. 112, 151 P.3d 870). Once the moving party has met that burden, the non-moving party "need only submit evidence of sufficient facts to support a genuine issue of material fact to preclude summary judgment in favor of the movant." *Meadow Lake Ests. Homeowners Ass'n v. Shoemaker*, 2008 MT 41, ¶ 38, 341 Mont. 345, 178 P.3d 81.

¶9 Summary judgment is "an extreme remedy and should never be substituted for trial if a material factual controversy exists." *Contreras v. Fitzgerald*, 2002 MT 208, ¶ 23, 311 Mont. 257, 54 P.3d 983 (citation omitted). Because negligence actions "ordinarily involve questions of fact, they are generally not susceptible to summary judgment." *Fisher*, ¶ 12 (citing *Hinkle v. Shepherd Sch. Dist. # 37*, 2004 MT 175, ¶ 23, 322 Mont. 80, 93 P.3d 1239). In evaluating a motion for summary judgment, the evidence "must be viewed in the light most favorable to the non-moving party[.]" *Malpeli v. State*, 2012 MT 181, ¶ 12, 366 Mont. 69, 285 P.3d 509. A district court's conclusion that no genuine issue of material fact exists "is a legal conclusion we review for correctness." *Turner*, ¶ 11.

**DISCUSSION**

¶10 *Is Cirian entitled to judgment as a matter of law?*

¶11 The District Court relied on § 61-8-339(1), MCA (2007), in granting summary judgment to Cirian. The statute provides, "[w]hen two or more vehicles enter or approach an intersection from different highways, the driver of the vehicle on the left shall yield the right-of-way to all vehicles approaching from the right that are close enough to constitute an immediate hazard." Montana's right-of-way statutes are

5

"intended to accord vehicles approaching or entering an intersection the status of favored and disfavored drivers 'to facilitate the orderly movement of automobiles.'" *Yates v. Hedges*, 178 Mont. 488, 496, 585 P.2d 1290, 1295 (1978) (citation omitted).

¶12 Tonner disputes the District Court's conclusion that, under the plain language of § 61-8-339, MCA (2007), Cirian—the favored driver under the statute—could not be negligent as a matter of law because Tonner had a statutory duty to yield the right-of-way. According to Tonner, "the direction in which the parties approach an uncontrolled intersection is but one factor to consider, even under [§ 61-8-339, MCA (2007)]," and that, even if Cirian had the right-of-way, she still was "subject to legal duties e.g., to drive in a careful and prudent manner, to not speed, and to maintain a proper lookout . . . ." Tonner contends that where "there is active negligence which can be attributed to *both* drivers, and an issue of comparative negligence, it cannot be said that reasonable minds could not differ and summary judgment . . . is inappropriate to resolve those issues." (Emphasis added.) Upon de novo review of the record, we agree with Tonner that the parties presented the District Court with genuine issues of material fact that could not be resolved on summary judgment.

¶13 In similar cases, we have affirmed judgment as a matter of law only when the undisputed facts supported but one conclusion—that the cause of the collision was the disfavored driver's failure to yield to an approaching vehicle that was so close as to be an immediate hazard under the right-of-way statute. *Roe v. Kornder-Owen*, 282 Mont. 287, 292, 937 P.2d 39, 42-43 (1997). While the District Court correctly cited *Roe* for the

6

general proposition that the favored driver at an intersection has the right to rely on the disfavored driver's compliance with the right-of-way statute, *Roe* does not preempt a factual inquiry into the circumstances of the collision. We clarified in a later case that our holding in *Roe* was based on the record in that case:

> In *Roe*, we essentially concluded, based on the plaintiff's testimony that the defendant's vehicle was only one-half block from the intersection when she attempted to cross, that the defendant was so close as to constitute an immediate hazard, creating a duty on the plaintiff's part to yield the right-of-way. The plaintiff's failure to comply with this duty constituted negligence as a matter of law and made the issue of whether the defendant maintained an adequate lookout immaterial. *Roe*, 282 Mont. at 292, 937 P.2d at 42. Unlike the defendant in *Roe*, however, Spinler has not presented any evidence regarding the location of her vehicle at the time Allen entered the intersection and, as a result, it cannot be determined as a matter of law that Allen's statutory duty to yield ever arose.

*Spinler v. Allen*, 1999 MT 160, ¶ 22, 295 Mont. 139, 983 P.2d 348.

¶14 Our decision in *Spinler* demonstrates that summary judgment is not appropriate in an intersection collision case when the parties dispute material facts with regard to the disfavored driver's failure to yield the right-of-way. Even in that situation, where it was alleged that a disfavored driver violated the right-of-way statute, we held that whether a favored driver maintained an adequate lookout is a material fact that should be weighed by the finder of fact. *Spinler*, ¶¶ 22-26. We noted as much in *Roe* when we reiterated that "[a] favored driver cannot ignore obvious dangers by blindly relying on her right-of-way . . . but instead must maintain a proper lookout and use reasonable care." *Roe*, 282 Mont. at 291-92, 937 P.2d at 42. Maintaining a proper lookout requires a driver "to look not only straight ahead but laterally ahead as well and to see that which is in plain sight."

7

*Payne v. Sorenson*, 183 Mont. 323, 326, 599 P.2d 362, 364 (1979); *see also Autio v. Miller*, 92 Mont. 150, 165, 11 P.2d 1039, 1043 (1932).

¶15    The statute requires vehicles from the left to yield the right-of-way to a vehicle approaching from the right if it is "close enough to constitute an immediate hazard." Section 61-8-339(1), MCA (2007).  Similar to the defendant in *Spinler*, Cirian has not presented any evidence regarding the location of her vehicle at the time Tonner entered the intersection that demonstrated that her vehicle posed an immediate hazard to Tonner as Tonner entered the uncontrolled intersection.  The only testimony in the record regarding the location of Cirian's vehicle in relation to Tonner's is found in Tonner's affidavit.  In that document, Tonner swore that as she approached the intersection, "she looked to both her left and right before entering the intersection" and that, although she was "able to see between a quarter and a half a block to the right," she "observed no cars on the intersecting street."  On this record, it cannot be determined that Tonner's entry into the uncontrolled intersection constituted negligence as a matter of law such that the issue whether Cirian maintained an adequate lookout was immaterial.  *See Spinler*, ¶¶ 21-25.

¶16    Although Cirian cites *Marcoff v. Buck*, 179 Mont. 295, 297, 587 P.2d 1305, 1307 (1978), in support of her position, that case came before the Court following a trial on the merits.  At the conclusion of a bench trial, the district court in *Marcoff* found that the favored driver was negligent and that the right-of-way statute then in effect did not apply because the disfavored driver had entered the intersection first.  *Marcoff*, 179 Mont. at

8

297, 587 P.2d at 1306-07. We reversed the court's legal conclusion because "the driver on the left coming into an uncontrolled intersection must yield to the driver on the right." *Marcoff*, 179 Mont. at 297, 587 P.2d at 1307. Our conclusion that the disfavored driver was negligent was based on our review of the complete trial record, not on a determination that the facts of the particular incident were immaterial.

¶17 During her deposition, Cirian testified that she was "looking straight ahead instead of anywhere else," and even if she had been looking laterally ahead, she would not have been able to see Tonner's vehicle because her view to the left was obstructed by "bushes and a fence." After Cirian filed her motion for summary judgment, Tonner challenged Cirian's recollection of her ability to see laterally ahead to her left by submitting photographs of the intersection. Those photographs allegedly showed that if Cirian had been looking laterally ahead to her left, she should have been able to see Tonner's vehicle approach the uncontrolled intersection.

¶18 Drawing all reasonable inferences in favor of Tonner, we conclude that a jury reasonably could find both parties partially responsible for the collision. Whether Tonner's duty to yield the right-of-way arose under § 61-8-339(1), MCA (2007), and whether Cirian maintained a proper lookout are matters of factual dispute. These disputed facts are material because they raise issues of comparative negligence. We have held that the defense of contributory negligence on a defendant's part is available to a plaintiff who is accused of violating a traffic statute; it falls upon "the factfinder to determine the comparative degree of negligence on the part of plaintiff and defendant."

9

*Reed v. Little*, 209 Mont. 199, 206, 680 P.2d 937, 940 (1984). Under such an analysis, "the jury must consider evidence of negligence from violation of a highway traffic statute, which was a proximate cause of the accident, with other evidence of negligence on the part of *both parties*" and the "jury must then weigh or compare the negligence of both parties in reaching its verdict." *Reed*, 209 Mont. at 207, 680 P.2d at 941 (emphasis added). We consistently have followed and applied *Reed*'s analytical construct in subsequent cases. *See Giambra v. Kelsey*, 2007 MT 158, ¶¶ 48-51, 338 Mont. 19, 162 P.3d 134; *Peterson v. Eichhorn*, 2008 MT 250, ¶¶ 31-33, 344 Mont. 540, 189 P.3d 615; *Olson v. Shumaker Trucking & Excavating Constrs., Inc.*, 2008 MT 378, ¶¶ 67-68, 347 Mont. 1, 196 P.3d 1265; *City of Whitefish v. Jentile*, 2012 MT 185, ¶¶ 32-33, 366 Mont. 94, 285 P.3d 515.[1] Thus, even if Tonner is found to be negligent per se for violating § 61-8-339, MCA (2007), the fact finder still must weigh Tonner's negligence against any potential negligence of Cirian and compare the negligence of both in reaching its verdict.

---

[1] Montana's adoption of comparative negligence in place of contributory negligence after *Reed* was decided does not alter the fact finder's task in weighing the negligence of both parties. *See Giambra*, ¶ 51 *and Peterson*, ¶¶ 31-32.

10

**CONCLUSION**

¶19    After viewing the evidence in the light most favorable to Tonner, we hold that Cirian is not entitled to judgment as a matter of law.  Notwithstanding the exclusion of evidence regarding the alleged traffic citation, the deposition and affidavit testimony established factual issues concerning the parties' comparative negligence.  The District Court erred by concluding that the issue whether Cirian was maintaining a proper lookout was not a genuine issue of material fact.

¶20    For the foregoing reasons, the February 16, 2012, order of the Nineteenth Judicial District Court is reversed and the action is remanded to the court for further proceedings.


                                                    /S/ BETH BAKER


We concur:


/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE

11