Chief Justice Mike McGrath delivered the Opinion of the Court.
***219 ¶1 Letica Land Company, LLC, (Letica) appeals the judgment of the Third Judicial District Court granting Anaconda-Deer Lodge County's motion for summary judgment. We affirm in part and reverse in part.
***220 ¶2 We restate the issues on appeal as follows:
1. Whether the District Court erred in concluding that Anaconda-Deer Lodge County's use of the upper branch of Modesty Creek Road did not amount to a *636 taking under the United States and Montana Constitutions.
2. Whether Letica is constitutionally entitled to litigation expenses under Article II, Section 29 of the Montana Constitution.
3. Whether the District Court correctly ordered Letica to pay the costs previously awarded to Anaconda-Deer Lodge County as the prevailing party at trial.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 This case arises from a dispute over the status of Modesty Creek Road, located near the boundary between Anaconda-Deer Lodge County (County) and Powell County in the Flint Creek Range foothills approximately ten miles north of Anaconda, Montana. Modesty Creek Road consists of two sections, an upper branch and a lower branch, both of which are located on Letica's property.
¶4 In 2012, the Anaconda-Deer Lodge County Commissioners voted to reaffirm Modesty Creek Road as a county road. Immediately after reaffirming the road, the County cut locks on the two gates blocking the lower branch and removed a dirt berm from the upper branch.
¶5 Shortly thereafter, Letica filed a complaint and sought a preliminary injunction barring public use until a judgment established the existence of a public right-of-way over either or both branches. The District Court denied Letica's request for a preliminary injunction, concluding that both branches were likely statutorily created county roads established by petition. The District Court also sua sponte bifurcated Letica's Takings Clause claims from the public right-of-way claims. In 2014, following a five-day bench trial, the District Court held that a county petition established the lower branch of Modesty Creek Road, a public prescriptive easement established the upper branch as a public road, and the prescriptive easement had not been extinguished by reverse adverse possession. Letica and McGee appealed.[1] This Court affirmed the District Court's conclusion that the lower branch of Modesty Creek Road is a validly existing petitioned county road and confirmed the District Court's determination of the location of the lower road's terminus. However, this Court found that the public's prescriptive easement on the upper branch was extinguished by ***221 reverse adverse possession. The case was remanded for further consideration of Letica's outstanding takings claims.[2]
¶6 On remand, the District Court issued an order granting summary judgment in favor of the County and dismissing Letica's takings claims.[3] Letica appeals.
STANDARD OF REVIEW
¶7 We review de novo a district court's decision on a motion for summary judgment, using the same criteria applied by the district court under M. R. Civ. P. 56. Malpeli v. State , 2012 MT 181, ¶ 11, 366 Mont. 69, 285 P.3d 509. Rule 56(c)(3) provides: "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A material fact is one involving the elements of the cause of action or defense at issue to such an extent that it requires resolution of the issue by a trier of fact. Malpeli , ¶ 11.
¶8 To overcome a motion for summary judgment, the opposing party must set out specific facts showing a genuine issue for trial. Malpeli , ¶ 12. In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the party opposing summary judgment. Malpeli , ¶ 12.
*637 DISCUSSION
¶9 1. Whether the District Court erred in concluding that Anaconda-Deer Lodge County's use of the upper branch of Modesty Creek Road did not amount to a taking under the United States and Montana Constitutions.
¶10 Letica argues that its fundamental rights under the Montana and United States Constitutions were violated when the County removed the dirt berm from the upper branch and encouraged public use of Letica's property. According to Letica, the County's actions amounted to an unconstitutional taking of property that necessitates ***222 compensation. The County contends that the temporary physical invasion was done under a claim of right and therefore did not amount to a taking of Letica's private property.
¶11 The Takings Clause of the United States Constitution provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. Article II, Section 29 of the Montana Constitution similarly provides, "Private property shall not be taken or damaged for public use without just compensation to the full extent of the loss having been first made to or paid into the court for the owner." Despite the facial disparities found in the separate clauses, "[W]e have generally looked to federal case law for guidance when considering a takings claim brought under Article II, Section 29." Kafka v. Mont. Dep't of Fish, Wildlife & Parks , 2008 MT 460, ¶ 30, 348 Mont. 80, 201 P.3d 8.
¶12 Significantly, the United States Supreme Court has held that if the government mistakenly asserts the right to use its own property, and the property in fact belongs to another, the true property owner's remedy is in tort and the mistake does not amount to a constitutional taking. Langford v. United States , 101 U.S. 341, 25 L.Ed. 1010 (1880). In Langford , the Court considered whether government occupation of private property under a mistaken claim of right constitutes a taking. The Court noted that if the government takes private property for public use and asserts no claim of title, the use may amount to a taking. Langford , 101 U.S. at 343. However, the Court also explained:
It is a very different matter where the government claims that it is dealing with its own, and recognizes no title superior to its own. In such case the government, or the officers who seize such property, are guilty of a tort, if it be in fact private property.
Langford , 101 U.S. at 344. This holding was relied upon in In the Matter of Chicago, Milwaukee, St. Paul and Pacific R. Co ., 799 F.2d 317 (7th Cir. 1986) : "[W]hen agents of the United States wrongly believe that the government owns some land, and occupy it under a claim of right, the occupation is a noncompensable tort rather than a taking." Matter of Chicago , 799 F.2d at 326. The court further noted, "Mistaken applications of the law are inevitable, but no principle of constitutional law requires compensation for every mistake." Matter of Chicago , 799 F.2d at 327.
¶13 Here, the County acted under a claim of right when it removed the dirt berm. Specifically, the County relied on county records, maps, surveys, and other evidence related to historical use of the road before reaffirming the upper branch. Although the County erroneously relied ***223 on the initial petition and this Court subsequently concluded that the public prescriptive easement was extinguished by reverse adverse possession, the County's actions were reasonable. The County's conduct was reinforced by the District Court order denying Letica's request for a preliminary injunction, in which the District Court concluded that the County was likely to succeed on the petition regarding the upper branch.
¶14 Pursuant to Langford , the County's good faith reliance on the petition, and other evidence supporting its petition, preclude Letica's claim that a taking occurred.
¶15 Letica further argues that it is entitled to compensation pursuant to Article II, Section 29 of the Montana Constitution because the County damaged Letica's property. Letica contends that the County physically damaged the property by sending heavy machinery to remove the berm, and by "allowing, causing, and encouraging an unknown number of people to drive over primitive *638 roads, which caused erosion, loss of established plant life, and the substantial spread of noxious weeds." We agree with the District Court that "the record is devoid of any evidence that the temporary invasion of the upper branch resulted in any significant burden or substantially interfered with Letica's use of the property despite Letica's conclusory claims to the contrary." The County introduced evidence establishing that public use of the road was minimal considering the location and character of the road. Letica failed to present evidence contradicting the County's evidence that the effect on the land was insignificant.
¶16 When viewed in a light most favorable to Letica, the evidence presented establishes no genuine issue of material fact. The District Court did not err when it granted summary judgment in the County's favor. Because a taking did not occur, and the upper branch was not damaged, Letica is not entitled to compensation per the United States or Montana Constitutions.
¶17 2. Whether Letica is constitutionally entitled to litigation expenses under Article II, Section 29 of the Montana Constitution.
¶18 Article II, Section 29 of the Montana Constitution provides, "In the event of litigation, just compensation shall include necessary expenses of litigation to be awarded by the court when the private property owner prevails." Mont. Const. art. II, § 29. Here, Letica asserts that it is constitutionally entitled to its necessary expenses of litigation-including attorney's fees-because it prevailed when this Court found the public prescriptive easement on the upper branch was extinguished by reverse adverse possession.
¶19 The question of whether Letica prevailed was litigated before the ***224 District Court. In its order on cross motions for award of costs, the District Court held that neither Letica nor the County were prevailing parties under M. R. App. P. 19(3)(a), or § 25-1-711(1), MCA. Consequently, the Court determined that neither party was entitled to their costs on appeal. The District Court's decision rested on this Court's holding that "there is no prevailing party where both parties gain a victory but also suffer a loss." Parcel v. Myers, 214 Mont. 220, 224, 697 P.2d 89, 91 (1984). The District Court found neither party prevailed because even though this Court reversed the trial court's conclusion that the public prescriptive easement was not extinguished by reverse adverse possession, the remaining issues were decided in favor of the County.
¶20 Perhaps more significantly, our holding that the County's conduct did not amount to a taking precludes the finding that Letica is a prevailing party pursuant to Article II, Section 29 of the Montana Constitution. Letica is not entitled to necessary litigation costs.
¶21 3. Whether the District Court correctly ordered Letica to pay the costs previously awarded to Anaconda-Deer Lodge County as the prevailing party at trial.
¶22 Following the first trial, the District Court ordered Letica and McGee to pay the County's costs, in the amount of $5,048.29. Letica asserts the District Court erred in failing to reconsider the award of costs after the District Court's decision was reversed and remanded. The County challenged Letica's request for reconsideration on the basis that Letica failed to appeal the District Court's November 2014 order on costs. The District Court agreed with the County and held Letica and McGee jointly and severally responsible for the County's costs, as initially calculated. This Court reviews a district court's award of costs to determine whether the district court abused its discretion. Mularoni v. Bing, 2001 MT 215, ¶ 22, 306 Mont. 405, 34 P.3d 497.
¶23 Section 25-10-102, MCA, provides that defendants are entitled to costs, as a matter of course, upon a judgment in the defendant's favor. There is no authority which requires an appellant, when challenging on appeal the merits of a trial court's decision, to separately challenge the imposition of trial costs in favor of the prevailing party. Rather, a challenge to trial costs is implicitly tied to a challenge on the merits. Thus, a party does not waive their right to challenge an order on costs by failure to appeal if the costs were awarded per *639 § 25-10-102, MCA. However, § 25-10-103, MCA, allows for costs in the district court's discretion. In that case, a party should appeal the district court's award to avoid waiver.
¶24 Here, neither Letica nor the County prevailed for the purpose of ***225 entitlement to costs. Although Letica prevailed on the status of the upper branch, the County succeeded on the remaining claims. Letica , ¶ 50. Accordingly, because "Letica and [the County] have both gained a victory and suffered a defeat" neither can be considered the prevailing party pursuant to M. R. App. P. 19(3)(a), §§ 25-10-101, -102, and -711(1)(a), MCA, or M. R. Civ. P. 54(d)(1). H-D Irrigating, Inc. v. Kimble Props., Inc ., 2000 MT 212, ¶ 60, 301 Mont. 34, 8 P.3d 95 (holding there is no prevailing party where both parties gain a victory but also suffer a loss). As here, when there is no prevailing party, each party shall remain responsible for their own costs. The District Court's order holding Letica accountable for the County's trial costs is reversed.[4]
CONCLUSION
¶25 For the aforementioned reasons, Letica is not entitled to compensation under the Montana or United States Constitutions, nor attorney's fees pursuant to Article II, Section 29 of the Montana Constitution. Both Letica and the County are responsible for their individual trial costs.
¶26 Reversed in part and affirmed in part.
We Concur:
LAURIE McKINNON, J.
DIRK M. SANDEFUR, J.
INGRID GUSTAFSON, J.
JIM RICE, J.

McGee is not a party to this appeal.

Letica Land Co., LLC v. Anaconda-Deer Lodge Cnty ., 2015 MT 323, 381 Mont. 389, 362 P.3d 614.

The District Court also dismissed Letica's other claims including substantive due process, violation of civil rights, and spoliation of evidence. Letica only appeals dismissal of the takings claims.

Because McGee is not a party to this appeal, this Opinion does not address his obligations involving the County's trial costs.